**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**FLY ME, LLC and MICHAEL GREER**                            **PLAINTIFFS**

**VS.**                                                           **CIVIL ACTION NO. 1:04CV315**

**ALLEN BRADLEY, DARLENE BRADLEY,**
**TOP FLIGHT CHARTERS, LLC and ALPHA**
**PAPA AVIATION**                                                 **DEFENDANTS**

## ORDER

This cause comes before the court on defendant Darlene Bradley's motion [5-1] to dismiss, or alternatively, for summary judgment. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a breach of contract action resulting from an alleged breach of an airplane lease agreement. On May 21, 2004, defendant Allen Bradley, a resident of Connecticut, signed an agreement to lease a Citation 5000 airplane from plaintiff Michael Greer, a Mississippi resident. The agreement contained a signature line for Allen Bradley's wife Darlene, but this line was not signed. Defendants allegedly defaulted on the lease agreement, and plaintiffs filed suit in Lee County Circuit Court on August 17, 2004. The case was removed to this court, and defendants filed the instant motion to dismiss or, alternatively, for summary judgment.

In seeking dismissal, Darlene Bradley initially argues, and correctly so in this court's view, that plaintiffs failed to serve proper notice upon her as required by the Mississippi Rules of Civil Procedure. Plaintiffs acknowledge that their chosen method of service was to send the summons

and complaint to Mrs Bradley through Federal Express's overnight delivery service "with special instructions as stating 'no release' and 'no indirect.'" Plaintiffs argue, without citation to authority, that their Federal Ex shipment was equivalent to the specified procedure in Rule 4, but the court does not agree.

In order to serve a summons on a non-resident, Mississippi Rules of Civil Procedure Rule 4(c)(5) provides that:

> (5) Service by Certified Mail on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Plaintiffs do not dispute Darlene Bradley's assertion that she "signed no acknowledgment of service form, nor did [she] transmit such form to plaintiffs' attorney." Even assuming, *arguendo*, that a Federal Express shipment could be equivalent to "certified mail, return requested," the shipment in this case can not validly be regarded as such an equivalent. Plaintiffs alternatively argue that, even assuming that process was not properly served upon Darlene, she waived any objections in this regard by making a general appearance before this court. This argument lacks merit. Darlene filed her motion to dismiss for failure to serve process along with her answer, and the court concludes that Darlene properly raised her objections to improper service. It is apparent that process was not properly served upon Darlene in this case, and her motion to dismiss is therefore due to be granted.

The court would also note that plaintiffs have not responded to Darlene Bradley's January 5, 2005 submission which is docketed as a "motion for summary judgment." In this submission, Darlene and her husband each provide sworn affidavits affirming that Darlene had no knowledge of the lease agreement entered into by her husband, that she had no participation in the discussions relating to the contract and that Allen acted on his own and on behalf of defendant Top Flight Charters, LLC in executing the contract. The affidavits further aver that while Darlene was formerly an owner of Top Flight Charters, LLC, she had transferred her interest in the company to her husband prior to the lease agreement at issue in this case. Finally, Darlene avers that she, a Connecticut resident, has never done business in Mississippi or "performed any character of work or service" in this state.

In light of the foregoing, it seems likely that Darlene's alternative motion to dismiss for lack of personal jurisdiction and/or motion for summary judgment would be granted even if service of process had properly been served upon her in this case. At any rate, it is clear that service of process was not properly served upon Darlene in this case, and her motion to dismiss is therefore due to be granted.

If is therefore ordered that defendant Darlene Bradley's motion [5-1] to dismiss is granted.

**SO ORDERED** this 10th day of June, 2005.

                                                        **/s/ Michael P. Mills**
                                                    **UNITED STATES DISTRICT JUDGE**